SUMMAGRAPHICS CORPORATION, Plaintiff,

v.

The UNITED STATES, Defendant, and

Altek Corporation, Intergraph Corporation, Third-Party Defendants.

No. 153–80C.

United States Claims Court.

Jan. 27, 1983.

Daniel M. Rosen, New York City, for plaintiff; James David Jacobs, New York City, of counsel.

Claud A. Daigle, Jr., Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant; Vito J. DiPietro, Washington, D.C., of counsel.

Steven C. Schnedler, Arlington, Va., for third-party defendant Altek Corp.

Allen Kirkpatrick, Washington, D.C., for third-party defendant Intergraph Corp.

## PARTIAL DISMISSAL WITH PREJUDICE

SETO, Judge.

Having considered defendant's Rule 41(b) Motion for Partial Dismissal with Prejudice, filed December 15, 1982, plaintiff's Opposition, filed January 3, 1983, and defendant's Reply, filed January 10, defendant's motion is GRANTED IN PART.

Defendant's motion requests the dismissal of plaintiff's claim for compensation arising from the defendant's alleged unauthorized taking of property rights in plaintiff's United States Patent No. 3,700,809 entitled, "Inductively Coupled Grid Cursor," issued to Donald J. Nadon (hereinafter the Nadon patent). The underlying basis for defendant's motion is plaintiff's failure to submit claim charts delineating how the claims of the Nadon patent read on the accused devices, as required by both the court's Memorandum and Order of Preliminary Conference, filed May 28, 1982, and its Standard Pretrial Order on Liability, filed October 6, 1981.

Plaintiff has twice submitted claim charts, but in both instances the claims of the Nadon patent were not mentioned. Plaintiff's first nonresponsive claim chart (as to the Nadon patent) was included in its First Claim Application, submitted August 3, 1982, in reply to the court's Memorandum and Order of the Preliminary Conference. That order stated that any patent claim, not the subject of the required claim chart, shall be waived. Plaintiff's second nonresponsive claim chart (as to the Nadon patent) was appended to its pretrial statement, submitted December 12, 1982, as required by the court's pretrial order. Moreover, the record indicates that plaintiff has assented to the dismissal of said claims in its January 3, 1983, opposition, filed with the court. Therefore, plaintiff's claims for compensation, for the unauthorized taking of rights in the *Nadon* patent by defendant's procurement of digitizers *manufactured* by third-party defendants, Altek Corporation and Intergraph Corporation, are DISMISSED WITH PREJUDICE.

In addition, plaintiff has failed to prosecute its claims regarding the Nadon patent. After consuming two and one-half years of discovery, plaintiff is unable to compile a single claim infringement chart relating to the Nadon patent. Either the defendant has procured no infringing digitizers from said third parties, or the plaintiff has unjustifiably failed to prosecute its claim of infringement of the Nadon patent. In either case, the defendant and third-party defendants shall no longer bear the burden of preparing a defense against plaintiff's unsupported assertions of the Nadon patent. Therefore, plaintiff's assertions that the *Nadon* patent is infringed by digitizers *sold* to the defendant by either third-party defendants, Altek Corporation or Inter-

graph Corporation, are also DISMISSED WITH PREJUDICE.

Since plaintiff has only recently been apprised of potential claims regarding defendant's procurement of digitizers from sources other than third-party defendants, Altek Corporation and Intergraph Corporation, plaintiff shall be afforded the opportunity to assert these new claims in a subsequent suit. The court's Memorandum and Order of the Preliminary Conference, filed May 28, 1982, required claim charts only for devices of which plaintiff was cognizant before July 1, 1982. Ostensibly, plaintiff has only recently been apprised of potential claims regarding defendant's procurement of digitizers from sources other than third-party defendants, Altek Corporation and Intergraph Corporation. Thus, claim charts regarding digitizers manufactured by entities other than said third-party defendants, were exempted from the court's Memorandum and Order. Therefore, plaintiff's claims for compensation arising out of defendant's procurement of allegedly infringing digitizers manufactured and sold by those other than said third-party defendants, are DENIED WITHOUT PREJUDICE.

Moreover, plaintiff shall not be permitted to delay the trial of the case at bar, while it conducts protracted discovery. Plaintiff's pretrial statement failed to include claim charts relating to the Nadon patent; thus, plaintiff shall also be precluded from asserting the Nadon patent at trial.

IT IS SO ORDERED.