**SUMMAGRAPHICS CORPORATION, Plaintiff,**

v.

**The UNITED STATES, Defendant,**

and

**Altek Corporation, Intergraph Corporation, Third-Party Defendants.**

No. 153–80C.

United States Claims Court.

May 2, 1983.

---

Daniel M. Rossner, New York City, for plaintiff.

Claud A. Daigle, Jr., Washington, D.C., for defendant. Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., of counsel.

## RECONSIDERATION OF PARTIAL DISMISSAL

SETO, Judge:

This court, on January 27, 1983, issued a Partial Dismissal with Prejudice [1] in which plaintiff's claim for compensation for defendant's alleged unauthorized taking of property rights in plaintiff's United States Patent No. 3,700,809, entitled, "Inductively Coupled Grid Cursor," issued to Donald J. Nadon (hereafter referred to as the Nadon patent), was partially dismissed with prejudice. Moreover, plaintiff's claims regarding digitizers manufactured and sold by entities other than third-party defendants, Altek Corporation and Intergraph Corporation, were denied without prejudice. Defendant now seeks reconsideration of that dismissal.

Defendant's Motion for Reconsideration was filed on February 4, 1983; plaintiff filed an Opposition thereto on March 1, and defendant's Reply was filed on March 16. Defendant asserts two separate issues for reconsideration. The first, that the court misspoke in merely *denying* without prejudice, rather than *dismissing* without prejudice, plaintiff's claims regarding digitizers manufactured and sold by other than the third-party defendants. The second, that substantially all of these claims [2] should have been dismissed *with prejudice.*

As to whether the claims [3] involving manufacturers or suppliers other than third-party defendants were to be *dismissed* without prejudice, rather than *denied* without prejudice, this court's intention was easily discerned by reading the entire dismissal or-

---

**1.** 1 Cl.Ct. 381.

**2.** Defendant has conceded that plaintiff has only recently been apprised of digitizers procured pursuant to government contracts F44650–82–D0004 with the GTCO Corporation, and N00123–81–D0456 with the Computervi-

sion Corporation. Accordingly, defendant concedes that digitizers procured under either of those two contracts should not have been dismissed for plaintiff's failure to prosecute.

**3.** *Id.*

der. The January 27, Partial Dismissal Order made clear this court's intention that claims not delineated in plaintiff's pretrial statement shall no longer be asserted *in this case.* "Plaintiff's pretrial statement failed to include claim charts relating to the Nadon patent; thus, plaintiff shall also be precluded from asserting the Nadon patent at trial." *Summagraphics Corp. v. United States,* 1 Cl.Ct. 383 (1983).

 However, in certain circumstances a claim which was previously *denied* without prejudice may be reasserted in the same case. In contrast, a claim *dismissed* without prejudice may be reasserted only in a subsequent suit. Thus, to absolve any ambiguity as to the status of plaintiff's pending claims, the January 27, 1983, order shall be amended, such that plaintiff's claims for compensation infringing digitizers manufactured and sold by those other than third-party defendants are *DISMISSED WITHOUT PREJUDICE.* *See* lines 6 and 7, page 3 of the Partial Dismissal Order, reproduced in the appendix.

As to whether substantially all of plaintiff's claims[4] regarding digitizers manufactured and sold by other than third-party defendants should be dismissed with *prejudice,* this court addressed that issue in its Partial Dismissal. Defendant's arguments for reconsideration are unpersuasive.

Prior to rendering that partial dismissal, this court carefully evaluated the discovery conducted by plaintiff and the procedural posture of this case. Recognizing that plaintiff had filed its pretrial statement on December 12, 1982, thus signifying that it was prepared for trial, and in view of the three-year pendency of this case, this court concluded that plaintiff's discovery endeavors should no longer delay trial.

 However, plaintiff's recently revitalized discovery prosecution was encouraging. Moreover, due to the numerous government agencies which may have procured infringing digitizers, plaintiff's discovery burden was enormous. Thus, it was inappropriate

to entirely preclude plaintiff from seeking compensation for the defendant's procurement of infringing digitizers which have only recently been identified. Rather, this court chose simply to bar plaintiff from prosecuting claims involving manufacturers or suppliers other than third-party defendants. Plaintiff may reassert its claims regarding these other digitizers in a subsequent suit.

Plaintiff has advised this court of certain additional government digitizers of which it was aware of prior to July 1, 1982. Pursuant to the Memorandum and Order of Preliminary Conference filed May 28, 1982, plaintiff's claims with respect to those digitizers are DISMISSED WITH PREJUDICE. More specifically, these digitizers, which are manufactured by Talos System, Inc., are Model Nos. BL–660, SRP–648, SRP–614B, SRP–614, and 640–B.

IT IS SO ORDERED.