**SUMMAGRAPHICS CORPORATION,**
Plaintiff,

v.

**The UNITED STATES, Defendant,**

and

**Alteck Corporation, and Intergraph Corporation, Third-Party Defendants.**

No. 153–80 C.

United States Claims Court.

Sept. 1, 1983.

As Corrected Sept. 7, 1983.

James D. Jacobs, New York City, for plaintiff.

B. Frederick Buchan, Washington, D.C., with whom is Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

Steven C. Schnedler, Arlington, Va., for third-party defendant Altek Corp.

Allen Kirkpatrick, Washington, D.C., with whom is Dale Lazar, Washington, D.C., for third-party defendant Intergraph Corp.

## DISCOVERY ORDER

SETO, Judge.

In this patent case, plaintiff seeks to compel discovery from the GTCO Corporation (GTCO) which is not a party to this suit but may have supplied the Government with infringing devices. GTCO's refusal to comply with plaintiff's discovery requests pre-

cipitated plaintiff's Motion to Compel Discovery and this Order.

■ The cause for this discovery dispute is plaintiff's misinterpretation of this court's Partial Dismissal filed January 27, 1983, which denied without prejudice plaintiff's claims relating to allegedly infringing devices manufactured and sold by non-parties such as GTCO. Plaintiff asserted that because its claims involving these non-parties were denied without prejudice, rather than dismissed without prejudice, it was free to reassert those claims in this suit. This court, however, issued a Reconsideration of Partial Dismissal on May 2, 1983, in which it emphasized this court's intention expressed in the January 27 Partial Dismissal that plaintiff be precluded from re-asserting any claim relating to devices manufactured and sold to the Government by those other than third-party defendants. Accordingly, the Reconsideration of Partial Dismissal stated:

As to whether the claims involving manufacturers or suppliers other than third-party defendants were to be *dismissed* without prejudice, rather than *denied* without prejudice, this court's intention was easily discerned by reading the entire dismissal order. The January 27 Partial Dismissal Order made clear this court's intention that claims not delineated in plaintiff's pretrial statement shall no longer be asserted in this case. 'Plaintiff's pretrial statement failed to include claim charts relating to the Nadon patent; thus, plaintiff shall also be precluded from asserting the Nadon patent at trial.' *Summagraphics Corp. v. United States*, 4 USCCR No. 1, 3 (Order of January 27, 1973).

However, in certain circumstances a claim which was previously *denied* without prejudice may be reasserted in the same case. In contrast, a claim *dismissed* without prejudice may be reasserted only in a subsequent suit. Thus, to absolve [sic] any ambiguity as to the status of plaintiff's pending claims, the January 27, 1983, order shall be amended, such that plaintiff's claims for compensation for in-fringing digitizers manufactured and sold by those other than third-party defendants are DISMISSED WITHOUT PREJUDICE. [*Summagraphics Corp. v. United States*, 2 Cl.Ct. 345, 346–47 (1983)] [Emphasis in original].

Because this court's Reconsideration of Partial Dismissal dismissed those claims relating to GTCO, matters involving GTCO are no longer relevant to this suit. Rule 26(b)(1) of the U.S. Claims Court limits discovery to matters relevant to the pending action. Thus, plaintiff may no longer pursue discovery of GTCO, and plaintiff's motion to compel discovery is denied.

■ The denial of a motion to compel discovery necessitates the consideration of whether an award of expenses is appropriate. Rule 37(a)(4) provides:

If the motion [for an order compelling discovery] is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

In this instance a hearing is unnecessary because this court finds that plaintiff's motion was substantially justified. The Motion to Compel was filed before the Reconsideration Order was issued; thus, the justification for the motion was plaintiff's belief that it could reassert claims relevant to GTCO in this action. Consequently, it would be unjust to require plaintiff to pay GTCO's expenses associated with the motion.

GTCO also filed motions in conjunction with this discovery dispute. GTCO's Motion to Quash Subpoena for Deposition is granted. GTCO motioned to Strike Papers Filed In Violation of Rule 11 and For An Award of Costs, Including Attorney's Fees, Against Summagraphics Corporation and Its Attorneys. Rule 11 of the U.S. Claims Court authorizes this court to strike papers

and administer disciplinary action against attorneys if an attorney submits a paper to the court for which he believes there is no good ground supporting it, or is submitted to interpose a delay. Plaintiff's attorney, however, believed he had good ground to support the notice of GTCO's deposition and the Motion to Compel Discovery and this court is not persuaded that the motion was interposed for delay. Therefore, Rule 11 sanctions are inappropriate.

In view of the above:

(1) Plaintiff's Cross-Motion Under Rules 26(c) and 37 for an Order Directing GTCO to Provide Discovery and Pay Summagraphics Reasonable Expenses on this Motion, filed April 25, 1983, is DENIED.

(2) GTCO's Motion to Quash Subpoena, Filed April 11, 1983, is GRANTED.

(3) GTCO's Motion to Strike Papers filed in Violation of Rule 11 and for an Award of Costs, Including Attorneys' Fees, Against Summagraphics and Its Attorneys, filed April 11, 1983, is DENIED.

IT IS SO ORDERED.